IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LYNETTE COOPER, \*

    Plaintiff, \*

v. \*

    \* Civil No. 24-1969-BAH

HOUSING AUTHORITY BALTIMORE
CITY ET AL., \*

    Defendants. \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Plaintiff Lynette Cooper ("Plaintiff") filed the above-captioned complaint *pro se*. The Court previously granted Plaintiff's motion to proceed in forma pauperis and directed Plaintiff to show cause why the complaint should not be dismissed as frivolous, or, at minimum, for failure to state a claim. *See* ECF 10. Plaintiff responded to the Court's order with a number of written responses and evidence, totaling nearly a thousand pages. *See* ECFs 11, 12, 15, 16, 17, 18, 19, 21, 22, 23, and 24. The Court has reviewed Plaintiff's submissions and finds that they fail to cure the complaint's deficiencies outlined in the Court's August 9, 2024, memorandum and order, ECF 10. Therefore, the complaint will be dismissed. Plaintiff has also again asked the Court to appoint her an attorney. *See* ECF 20. The Court will deny this request for the same reasons explained in the Court's August 9, 2024 memorandum and order.[1] *See* ECF 10, at 6–7.

---

[1] Under 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint counsel for indigent civil litigants in exceptional circumstances. *See Bailey-El v. Hous. Auth. of Balt. City*, 185 F. Supp. 3d 661, 670 (D. Md. 2016) (citing *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975), *aff'd in part, vacated on other grounds,* 686 F. App'x 228 (4th Cir. 2017). Whether exceptional circumstances exist is a fact-specific determination. *See Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984)*, abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989). Exceptional

The Court previously explained that Plaintiff's allegations against the Housing Authority for Baltimore City ("HABC"), the Baltimore County Housing Authority ("BCHA"), and eighteen individuals for unlawful retaliation in violation of Section 818 of the Fair Housing Act, 42 U.S.C. § 3617, do not state a claim for relief. *See* ECF 10. Plaintiff's additional correspondence, which consists mostly of letters from Plaintiff to the Court, her medical chart (and her own commentary on its accuracy), screenshots of emails and text messages, and pictures, fails to explain how to the complaint states a claim for relief. Nor do the additional submissions themselves assert a plausible cause of action.

The additional submissions make clear that Plaintiff believes that HABC, BCHA, her former attorneys, elected officials, and foreign nations are conspiring against her by releasing unspecified chemicals around her (and her relatives) that cause her physical and mental distress, by hacking into her devices, and by breaking into her home. *See, e.g.*, ECF 12, at 2 ("I am dealing with a well organized criminal enterprise. The Baltimore City government, that includes HABC."); ECF 15, at 4 ("As, a result of attorneys Cary Hansel and Annie Hirsh, I have and continue to endure years & years of retaliatory actions from HABC and now BCHA."); ECF 16, at 1 ("This case against HABC, BCHA needs to continue because to date both HABC & BCHA [are] still practicing retaliatory acts against myself, and targeting my family members. Whether my family members are with HABC and/or BCHA. My friends of over 30 years . . . are intention[ally] flooded with chemicals and structural damages that caused mold. My baby sister, Tonya Cooper was killed in 2018, by chemicals. Tonya Cooper was related to me and that was all HABC needed."); ECF

---

circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (quoting *Whisenant*, 739 F.2d at 162). As Plaintiff does not have a colorable claim, appointment of counsel is not warranted here.

16, at 1–2 ("My case does include[] the former president Donald [T]rump. Former president Donald [T]rump, does ha[ve] ties to China and Russia. Making my case even more complex. I've told about HABC, BCHA. I am telling about all the activities that took place to date. More chaos. Never seems to end never-ending chaos. Hazardous chemicals from China. Breached devices extended by Russia. My medical/medication records, breached by HABC, Mayor Brandon Scott and Baltimore City's extended offices, Safe Streets – MONSE – former Director Shantay Jackson. The Baltimore City's Department of Health."); ECF 18, at 1 ("I am here today 09/20/24. Because HABC and [M]ayor Brandon Scott, keep breaching my devices, as of 09/17/24."); ECF 22, at 1 ("HABC, BCHA, [M]ayor Brandon Scott. Commercial Utilities. HABC CEO Janet Abrahams. Most importantly, all these retaliatory acts continue on behalf of the former president Donald [T]rump."); ECF 23, at 1 ("I will try later to talk about the foreign man in a van that was driving within 2-inches of my vehicle this past Saturday. I believe he was trying to hit my vehicle. I didn't have any pic[tures]. I say it's the former president Donald [T]rump's minion."); ECF 24, at 1 ("Some of my filings today appear[] to be related to the 2024 [e]lections. I always believed that the retaliatory acts from HABC, to include [M]ayor Brandon Scott, is political. Also, the former president Donald [T]rump.").

As explained before, this Court lacks subject matter jurisdiction over "obviously frivolous" claims. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)); *see also Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court authority to dismiss frivolous claims exists even in the absence of a statutory provision providing such authority); *Alexander v. Dep't of Army*, Civ. No. DLB-21-2285, 2021 WL 4417080, at *1 (D. Md. Sept. 24, 2021) (listing cases), *aff'd sub nom.*, *Alexander v. Dep't of the Army*, No. 21-2131, 2021 WL 6101837 (4th Cir. Dec. 22, 2021), *cert. denied*, 143 S.

Ct. 98 (2022). The Court may sua sponte dismiss complaints such as this one under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."); *Glendora v. Jacobs*, Civ. No. MJG-03-1166., 2003 WL 23274427, at *1 (D. Md. Apr. 30, 2003) (dismissing *sua sponte* a "rambling, nonsensical complaint"), *aff'd*, 71 F. App'x 269 (4th Cir. 2003).

Plaintiff appears to be experiencing physical and emotional distress. However, attributing this distress to actions perpetrated by a vast criminal conspiracy led by HABC, BCHA, her former attorneys, Mayor Brandon Scott, Donald Trump, China, and Russia are the kinds of "irrational [and] wholly incredible" allegations that lead this Court to find the complaint frivolous. The Court is sympathetic to the distress Plaintiff is feeling and does not mean to diminish Plaintiff's apparent suffering. However, she has not stated a claim upon which this Court can grant relief as she seeks relief that the Court cannot provide.

For the reasons stated in the Court's August 9, 2024, memorandum and order, pursuant to the Court's "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), and its duty to screen complaints filed in forma pauperis pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's complaint is dismissed as frivolous and for failure to state a claim upon which relief can be granted.

Accordingly, it is this 12th day of November, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff's complaint is DISMISSED;

2. Plaintiff's request to appoint an attorney, ECF 20, is DENIED;

3. The Clerk is DIRECTED to CLOSE this case; and

4. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff.


_____/s/_____
Brendan A. Hurson
United States District Judge